IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TIMOTHY PRICE, #172 825 | * | |
| Plaintiff, | * | |
| v. | * | 2:10-CV-130-ID |
| | | (WO) |
| DR. PILIAN, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff files this action under the provisions of 42 U.S.C. § 1983. He complains that he has been and/or is being subjected to forced medication in violation of his constitutional rights.[1] Plaintiff is currently incarcerated at the Bibb Correctional Facility. The actions which form the basis of the instant complaint appear to have occurred while Plaintiff was incarcerated at the William E. Donaldson Correctional Facility in Bessemer, Alabama. To the extent Plaintiff seeks to raise claims concerning forced administration of medication at his current place of incarceration, the court notes that both the Bibb and Donaldson Correctional Facilities are located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes

---

[1]On March 16, 2010 this court directed Plaintiff to file an amended complaint. The order informed Plaintiff that the amended complaint filed in compliance with said order would supercede the original complaint. (*See Doc. No. 5.*)

that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

It is clear from the allegations in the complaint that all the actions about which Plaintiff complains occurred or are occurring within the jurisdiction of the United States District Court for the Northern District of Alabama. Although Defendant Naglich resides in the Middle District of Alabama, she is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. Moreover, it appears from Plaintiff's recitation of the facts that a majority of witnesses and evidence associated with this case are located in the Northern District of Alabama. Thus, the court concludes that from the face of the complaint, the proper venue for this cause of action is the United States

District Court for the Northern District of Alabama.[2]

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 3**, **2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[2]In so ruling, this court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of April, 2010.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE